FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 20  PM 3: 58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY ELLEN BLACK, M.D. | * | |
| | * | CIVIL ACTION NO. |
| VERSUS | * | |
| | * | SECTION " " **05-1911** |
| RICHARD GUTHRIE, M.D., RUDOLPH H. | * | |
| EHRENSING, M.D. AND ALVIN | * | MAGISTRATE ____ |
| ROUCHELL, in their representative and | * | **SECT. F MAG. 5** |
| individual capacities, OCHSNER CLINIC, | * | |
| L.L.C. AND ABC INSURANCE COMPANY | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
       THE EASTERN DISTRICT OF LOUISIANA

Defendants, Ochsner Clinic, L.L.C. and Richard Guthrie, M.D., Rudolph H. Ehrensing,

M.D., and Alvin Rouchell, M.D., in their representative and individual capacities (collectively,

"Defendants"), file this Notice of Removal, removing this matter from the 24th Judicial District

Court for the Parish of Jefferson to the United States District Court for the Eastern District of

Louisiana, and reserving any and all rights, objections, and defenses, respectfully represent as

follows:

Fee_250-
Process_____
X Dktd_____
____ CtRmDep_____
____ Doc. No._____

{N1290717.2}

1.

Plaintiff, Mary Ellen Black, M.D. ("Plaintiff"), commenced this action on May 3, 2005, by filing a "Complaint" in an action entitled *"Mary Ellen Black, M.D. versus Richard Guthrie, M.D., Rudolph H. Ehrensing, M.D. and Alvin Rouchell, in their representative and individual capacities, Ochsner Clinic, L.L.C. and ABC Insurance Company,"* Case No. 619-933, Division "I", in the 24th Judicial District Court for the Parish of Jefferson. Attached hereto as Exhibit "A" are all the pleadings filed in this matter in the 24th Judicial District Court for the Parish of Jefferson, as the clerk of that court has provided to defense counsel.

2.

Defendant Ochsner Clinic was served with a copy of the Complaint on May 6, 2005 and Defendant Dr. Alvin Rouchell was served with a copy of the Complaint on May 9, 2005. No other defendant has been served to date.

3.

Plaintiff filed the instant Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621. She has also filed multiple state law claims.

4.

This Court, therefore, has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1441.

5.

Jefferson Parish is within the district of the United States District Court for the Eastern District of Louisiana and thus, venue is proper.

6.

This removal is timely pursuant to 28 U.S.C. §1446(b).

7.

Pursuant to 28 U.S.C. §1446(d), the undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on counsel for Plaintiff and will be filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson.

**WHEREFORE**, Defendants respectfully pray that this Notice of Removal be deemed good and sufficient, and that Case No. 619-933 be removed from the 24th Judicial District Court for the Parish of Jefferson to the docket of this Honorable Court.

Respectfully submitted,

H. MARK ADAMS (T.A.) (Bar No. 02318)
SHELLEY M. SULLIVAN (Bar No. 27658)
JANE H. HEIDINGSFELDER (Bar No. 28604)
**Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8000
Facsimile:      (504) 582-8583

***Counsel for Defendants***

1.

Plaintiff, Mary Ellen Black, M.D. ("Plaintiff"), commenced this action on May 3, 2005, by filing a "Complaint" in an action entitled *"Mary Ellen Black, M.D. versus Richard Guthrie, M.D., Rudolph H. Ehrensing, M.D. and Alvin Rouchell, in their representative and individual capacities, Ochsner Clinic, L.L.C. and ABC Insurance Company,"* Case No. 619-933, Division "I", in the 24th Judicial District Court for the Parish of Jefferson. Attached hereto as Exhibit "A" are all the pleadings filed in this matter in the 24th Judicial District Court for the Parish of Jefferson, as the clerk of that court has provided to defense counsel.

2.

Defendant Ochsner Clinic was served with a copy of the Complaint on May 6, 2005 and Defendant Dr. Alvin Rouchell was served with a copy of the Complaint on May 9, 2005. No other defendant has been served to date.

3.

Plaintiff filed the instant Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621. She has also filed multiple state law claims.

4.

This Court, therefore, has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1441.

5.

Jefferson Parish is within the district of the United States District Court for the Eastern District of Louisiana and thus, venue is proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on the 20th day of May, 2005, forwarded a copy of

the above and foregoing *Notice of Removal* to opposing counsel by United States mail, properly

addressed and first class postage prepaid, to:

<div align="center">

Lanny R. Zatzkis
Karen D. McCarthy
Zatzkis, McCarthy & Associates, L.L.C.
Suite 2750
650 Poydras Street
New Orleans, LA  70130

</div>

Shelley M. Sullivan

24ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

CASE NO.: 619-933        SECTION " "  DIV.

MARY ELLEN BLACK, M.D.

VERSUS

RICHARD GUTHRIE, M.D., RUDOLPH H. EHRENSING, M.D. AND
ALVIN ROUCHELL, in their representative and individual capacities,
OCHSNER CLINIC, L.L.C. AND ABC INSURANCE COMPANY

FILED:_____                    _____
                                                      DEPUTY CLERK

## COMPLAINT

The Complaint of Mary Ellen Black, M.D. ("Plaintiff" or "Dr. Black"), a person of the

full age of majority who was born on March 23, 1943, a resident of and domiciled in the

Parish of Orleans, State of Louisiana with respect represents as follows:

### THE PARTIES

I.

Made defendants herein are:

1.  Richard D. Guthrie, M.D. ("Guthrie"), a person of the full age of majority, who
    is, on information and belief, a resident of and domiciled in the Parish of
    Jefferson, State of Louisiana. Also on information and belief, Guthrie was the
    Medical Director for the New Orleans Region for Ochsner Clinic, L.L.C., and
    he held that position throughout the pertinent time period. He is also sued in
    his individual capacity;

2.  Rudolph Ehrensing, M.D. ("Ehrensing"), a person of the full age of majority,
    who is, upon information and belief, a resident of and domiciled in the Parish
    of Orleans, State of Louisiana. Also upon information and belief, Ehrensing
    was the Medical Director for Professional Affairs for Ochsner Clinic, L.L.C.,
    and he held that position throughout the period of time in question pertinent
    to this litigation.   Ehrensing performed all functions described in this
    Complaint, and acted in his capacity as Medical Director for Professional
    Affairs for Defendant Ochsner in the Parish of Jefferson.   He is also sued in
    his individual capacity;

3.  Alvin Rouchell, M.D., M.D. ("Rouchell"), a person of the full age of majority,
    who is, on information and belief, a resident of and domiciled in the Parish
    of Jefferson, State of Louisiana. Also on information and belief, Rouchell was
    an employee of Ochsner Clinic, L.L.C., and he held that position throughout
    the period of time in question pertinent to this litigation.   He is also sued in
    his individual capacity;

4.  Ochsner Clinic, L.L.C. ("Ochsner"), which is, upon information and belief, a
    Louisiana Limited Liability Company authorized to do and doing business in
    the Parish of Jefferson, State of Louisiana (collectively "Defendants");

ISSUED Complaint/EM

DATE  MAY 0 4 2005

S/ MELISSA RIPP

Deputy Clerk

IMAGED MAY 0 3 '05

1

EXHIBIT
A

5. ABC Insurance Company ("ABC"), which is, on information and belief, a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana. ABC is the insurer of the above-named Defendants.

## JURISDICTION AND VENUE

### II.

Venue and jurisdication are proper herein as Defendants are located within this district and the actions complained of occurred in this district. Jurisdiction over Defendant Ehrensing is proper insofar as the actions complained of occurred in this district.

### III.

Defendants Guthrie, Ehrensing, Rouchell, Ochsner, and ABC are liable jointly, severally and in solido to Plaintiff for all reasonable, punitive, liquidated and equitable damages, legal interest thereon from date of demand and reasonable attorneys' fees and costs, for the following:

## FACTUAL BACKGROUND

### IV.

Plaintiff graduated from Louisiana State University Medical School in 1969, completed her residency in psychiatry, and later assumed the directorship of a freestanding inpatient psychiatric unit in Southern Yuba, California. She has never been the subject of any disciplinary proceedings or any medical malpractice claims during her career which spanned in excess of 35 years. She had never been terminated or disciplined prior to her employment at Ochsner.

### V.

Plaintiff was hired by Ochsner on May 15, 2002 to fill the position of Staff Physician and Director of the Adult Acute Psychiatry (inpatient) Unit, a position which had been vacant for about eighteen months. Prior to her hire, Plaintiff executed a Personal Services Agreement for Employed Physicians ("Employment Agreement") which was drafted, on information and belief, by Ochsner representatives and signed by Defendant Guthrie, acting on behalf of Ochsner.

### VI.

As part of her Employment Agreement, Ochsner promised not to "in any manner interfere with the professional medical judgment of Physician".

2

IMAGED MAY 03 '05

VII.

Ochsner assumed "all responsibility for the billing and collection functions related to the Professional Fees generated by Physician under" the Employment Agreement, and agreed to "indemnif[y] Physician for inappropriate or illegal billing practices resulting from Clinic's acts or omissions other than intentional or negligent practices by" Plaintiff. Ochsner further agreed to implement and adhere to a corporate compliance program to assure compliance with all state and federal laws.

VIII.

Plaintiff was verbally promised a salary higher than that presented to her in the employment contract drafted by Ochsner. After Defendant Rouchell personally represented to Plaintiff that bonuses would be paid that would augment Plaintiff's salary and fulfill the promises made to Dr. Black, Plaintiff signed the employment contract with Ochsner.

IX.

Defendants further represented that Plaintiff would be responsible for 4 to 6 inpatients, in addition to outpatients and some teaching responsibilities.  Once she assumed the position in 2002, Dr. Black found she had more inpatients than were originally represented, and the residents for whom she was responsible were inadequately trained, requiring additional instruction time from her. Also, the inpatient program was not properly organized, had very few groups, and had only about 4 hours of social work per day for patient assessments, insurance reviews, family interviews, discharge planning and other functions that, to be properly performed, should have been handled by several different staff members. Dr. Black was also assigned half-time to the outpatient clinic which needed several more psychiatrists and had an administrative assistant who was caring for the administrative needs of more than 10 staff members. An added burden was the fact that when inpatients were discharged, Dr. Black was instructed to make them follow-up appointments within Ochsner's own facility.  Since there were not enough psychiatrists, patients were forced to wait several weeks to be seen by a physician despite the fact that they were just discharged from inpatient care. As a result, Dr. Black saw many of these patients to prevent their deterioration and/or any hazardous outcomes. Ochsner's policies and staffing problems interfered with Dr. Black's medical decisions and treatment options.

IMAGED MAY 0 3 '05

X.

There were also insufficient, overworked and/or inadequately trained administrative, support and nursing staff members, again requiring Dr. Black to engage in additional working and/or instructional time.  The hiring and training of physicians, administrative, support and nursing staff were Ochsner's responsibility. Ochsner's failure to fulfill its responsibilities breached the Employment Agreement by interfering with Plaintiff's ability to practice medicine and required her to work long hours, seeing many patients, teaching, and trying to organize the program.

XI.

Repeated requests for assistance and/or complaints as to existing problems with the program were met with responses that she should do her best with the situation as it already existed, and Defendants made no attempt to remedy the problems.  Defendant Ehrensing verbally told Plaintiff that instead of Defendants attempting to address the problems Dr. Black raised, she should lessen her own work load by seeing her patients less often than, in her professional medical opinion, they needed to be seen. Again, Defendants interfered with Plaintiff's ability to practice medicine and with her medical decisions. When Dr. Black refused to see patients less often than they needed to be seen, Defendants did nothing to address the problems she raised.

XII.

When the psychiatric clinic was relocated to the Elmwood facility, Dr. Black's responsibilities were increased. Plaintiff performed an average of approximately one to three consultations per day, in addition to her other duties, as other Ochsner physicians refused to travel to the Elmwood campus to do consultations because Defendant Ochsner refused to provide sufficient staff physicians to allow the physicians to handle their patients at Ochsner's main facility and travel to offsite facilities.  In addition, the psychiatric unit continued to be understaffed, requiring Dr. Black to work long hours. Even medical consultations were difficult to obtain at the satellite hospital, again because of Ochsner's staffing policies, which discouraged consults at the Elmwood campus and interfered with Plaintiff's medical decisions and treatment options.

4

IMAGED MAY 0 3 '05

XIII.

Further, despite the promises to Dr. Black, bonuses were not paid as promised.

XIV.

Plaintiff continued to inform Defendants as to the problems including staffing and training that were the responsibility of Ochsner per the Employment Agreement. Plaintiff also informed Ochsner of the unethical and/or illegal actions of a permanent psychiatry staff member which, on information and belief, resulted in serious consequences regarding an Ochsner patient.

XV.

Plaintiff did not receive any negative evaluations until March, 2004, when the individual Defendants called her to a meeting without advance notice. At that time, Defendants recited a litany of alleged issues regarding Plaintiff's past performance, never previously disclosed or discussed. However, Plaintiff asserted at that time that each of Defendants' claims was incorrect, without exception. Plaintiff's assertions as to the falsehood of Defendants' allegations were not denied, and no adverse action was taken as to her employment at that time.

XVI.

At a subsequent meeting(s), Defendants wrongfully and falsely asserted that Dr. Black's notes were purportedly incomplete and/or that her charges were inaccurate. Plaintiff was not presented with any complaints from patients. And again, Defendants again took no involuntary adverse action as to Dr. Black's employment at Ochsner.

XVII.

Plaintiff's subsequent review of patient notes disclosed that hers were superior to many, if not most, of the male and/or younger physicians on the unit. Further, Ochsner had ultimate responsibility for billing and charges and also for statutory compliance and training but instituted no complaints, accusations, reprimands, discipline and/or terminations against male and/or younger physicians whose notes were substandard or otherwise unacceptable.

5

IMAGED MAY 0 3 '05

XVIII.

On June 14, 2004, Guthrie, acting on behalf of Ochsner, verbally informed Dr. Black that Ochsner had agreed to hire a replacement director of the Adult Acute Psychiatry Unit, effective September 15, 2004. The replacement was significantly younger than Plaintiff and had substantially less experience. In fact, the replacement had not yet completed her training.

XIX.

On July 2, 2004, Dr. Black received a letter from Defendant Guthrie, again acting on behalf of Ochsner, giving her ninety (90) days notice that her employment with Ochsner would be involuntarily terminated effective October 1, 2004, "pursuant to Section 12.4 of [Plaintiff's] Professional Services Agreement". During the ninety-day period prior to October 1, 2004, Dr. Black was to continue to receive her salary and benefits. The letter is attached hereto as **Exhibit "A".** The letter indicated that while Ochsner allegedly had "reasons" for terminating her employment, Dr. Black was being terminated "without cause".

XX.

The majority of Ochsner's psychiatric physicians are male. Plaintiff is female.

XXI.

Plaintiff is over the age of 40. Plaintiff's replacement was under the age of 40 years.

XXII.

Plaintiff avers that Defendants' actions that resulted in the termination of her employment were discriminatory, and that she was not treated in a similar fashion as her male and/or younger counterparts. Plaintiff asserts that audits of the department, reviews and other practices disclosed a number of deficiencies, and that similarly-situated male and/or younger physicians were not reprimanded, penalized, terminated and/or treated similarly to Plaintiff.

XXIII.

In the alternative, and only in the alternative, Plaintiff avers that Defendants took reprisal against Plaintiff who, in good faith, disclosed and/or objected to a workplace act and/or employment practice that violated state law.

6

IMAGED MAY 0 3 '05

XXIV.

In the alternative, and only in the alternative, Plaintiff avers that she was terminated because Ochsner disagreed and interfered with her medical decisions in her practice, in violation of the parties' Employment Agreement.

## COUNT ONE: VIOLATION OF FEDERAL ANTI-DISCRIMINATION AND OTHER STATUTES

XXV.

Plaintiff reiterates her allegations made in articles I through XXIV. Plaintiff avers that Defendants' intentional actions and inactions violated Title VII, 42 U.S.C. §2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), insofar as Defendants discriminated and retaliated against Plaintiff with respect to the terms, conditions or privileges of her employment and failed to treat her as other, similarly-situated male and/or younger employees because of her sex or gender and/or her age, as explained hereinabove.   The involuntary termination of Plaintiff's employment for discriminatory reasons amounts to a violation of the aforementioned federal statutes giving rise to damages described hereinbelow.

XXVI.

Plaintiff avers that Defendants were personally involved in the unequal treatment and the individual Defendants headed the Department of Psychiatry, occupied positions as final policy makers, and engaged in, perpetuated, or allowed unequal treatment to continue, when they knew or should have known of the consequences. However, Plaintiff's Title VII discrimination claims are <u>not</u> asserted against the individual Defendants but against Defendant Ochsner alone.

XXVII.

Plaintiff timely instituted a claim with the Equal Employment Opportunity Commission. That Commission is presently conducting an investigation. A Notice of Right To Sue letter has not yet been received.  This Complaint will be amended when it is received.

7

IMAGED MAY 0 3 '05

## COUNT TWO: INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

### XXVIII.

Plaintiff reiterates and re-avers her allegations made in articles I through XXVII. Plaintiff avers that Defendants intentionally and/or negligently misled her, by asserting that disparities in her actual salary and working conditions, and that promised to her, would be rectified. To date, these representations have never been fulfilled.

## COUNT THREE: VIOLATION OF STATE
## ANTI-DISCRIMINATION AND RETALIATION LAWS

### XXIX.

Plaintiff reiterates the allegations made in articles I through XXVIII. Plaintiff avers that Defendants violated La. R.S. § 23:301, *et seq.* and §51:2231, *et seq.* insofar as they intentionally discriminated against her with regard to the terms, conditions, and privileges of her employment because of her sex or gender and/or age. Plaintiff's state law anti-discrimination claims are <u>not</u> asserted against the individual Defendants but against Defendant Ochsner alone.

### XXX.

In the alternative, and only in the alternative, Plaintiff avers that Defendant violated La. R.S. §23:967 *et. seq.* insofar as she was terminated after disclosing a workplace act in violation of state law. Specifically, Dr. Black reported a long-time permanent psychiatry department staff member for engaging in extramarital, sexual relations with a patient who then attempted suicide on two occasions. Plaintiff avers in the alternative that the termination of her employment was a reprisal for reporting the actions of the staff member.

## COUNT FOUR: CONSPIRACY

### XXXI.

Plaintiff reiterates and re-avers the allegations made in articles I through XXX. Plaintiff avers that Defendants conspired to discriminate against Plaintiff, to harass her and effect reprisals against her, to misrepresent things to her, to interfere with her business and contractual relations with Ochsner, and to inflict emotional distress.

### XXXII.

Defendants, as co-conspirators, are liable in solido for the damages sustained by Plaintiff, as outlined herein.

8

IMAGED MAY 0 3 '05

### COUNT FIVE: DEFAMATION AND INVASION OF PRIVACY

#### XXXIII.

Plaintiff reiterates and re-avers the allegations made in articles I through XXXII. Plaintiff avers that Defendants' attempts to defame her by leaking information concerning her employment and the termination thereof, constitutes defamation and invasion of her privacy.

### COUNT SIX: TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS RELATIONS

#### XXXIV.

Plaintiff reiterates and re-avers the allegations made in articles I through XXXIII. Plaintiff avers that the individual Defendants tortiously interfered with her contract with Ochsner, causing its breach, the termination of her employment, and Plaintiff's damages, as defined below.  Defendants also tortiously interfered with Plaintiff's contract of employment with Ochsner in other ways, including but not limited to discouraging physicians from performing consultations at satellite offices, forcing Plaintiff to engage in tedious note-taking and copying not required of other physicians which required time away from patients, auditing Plaintiff's notes and billing without fully auditing that of other male and/or younger physicians, overburdening existing staff and improperly training new recruits, initiating reprisals against Plaintiff for reporting illegal and/or unethical conduct, failing to rectify breaches of Plaintiff's Employment Agreement of which they were made aware, and actively seeking her termination.

#### XXXV.

In addition, Plaintiff avers that Defendants tortiously interfered with her business relations with Ochsner and others, including her patients, colleagues and prospective employers, causing Plaintiff damages, as defined below.

9

IMAGED MAY 0 3 '05

**COUNT SEVEN: BREACH OF CONTRACT, BAD FAITH
BREACH OF CONTRACT, AND BREACH OF THE OBLIGATION
OF GOOD FAITH PERFORMANCE UNDER A CONTRACT**

XXXVI.

Plaintiff reiterates and re-avers the allegations made in articles I through XXXV.

Plaintiff avers that Defendant breached the Employment Agreement with Plaintiff, insofar

as Ochsner promised not to "in any manner interfere with the professional medical

judgment of Physician". Defendants breached that agreement in several ways, including

but not limited to discouraging physicians from performing consultations at satellite offices,

forcing Plaintiff to engage in tedious note-taking and copying not required of other

physicians which required time away from patients, overburdening existing staff and

improperly training new recruits, under-staffing departments, and/or initiating reprisals

against Plaintiff for reporting illegal and/or unethical conduct.

XXXVII.

Plaintiff avers, in the alternative, that she was terminated because Defendants

disagreed with and interfered with the exercise of her professional medical judgment, in

violation of the Employment Agreement.

XXXVIII.

Plaintiff further avers, in the alternative, that Defendants breached their obligation

of good faith performance under the Employment Agreement with Plaintiff.

XXXIX.

Plaintiff further avers that Ochsner also breached its obligation to assume "all

responsibility for the billing and collection functions related to the Professional Fees

generated by Physician under" the Employment Agreement and its agreement to

"indemnif[y] Physician for inappropriate or illegal billing practices resulting from Clinic's acts

or omissions other than intentional or negligent practices by" the physician.

XL.

Ochsner further breached its agreement to implement and adhere to a corporate

compliance program to assure compliance with all state and federal laws.

10

IMAGED MAY 0 3 '05

XLI.

Plaintiff further avers, in the alternative, that Defendants breached the Employment Agreement with Plaintiff in bad faith.

## COUNT EIGHT: UNFAIR TRADE PRACTICES

XLII.

Plaintiff avers that Defendants engaged in unfair and deceptive trade practices, contrary to La. R.S. §51:1401 *et seq.*, including unfairly depriving Plaintiff of her patients and income contrary to Defendants' obligations.

## COUNT NINE: VICARIOUS LIABILITY

XLIII.

Plaintiff avers that Ochsner is vicariously liable jointly, severally, and in solido for the aforementioned acts of its employees and the individual Defendants were acting as employees, agents and/or representing Defendant in the course and scope of their duties.

XLIV.

In addition, ABC, as insurer, is liable for the acts and omissions of its insureds.

## DAMAGES

XLV.

Specifically, Plaintiff itemizes the damages suffered by her as follows:

1. Loss of income, past and future;
2. Loss of earning capacity;
3. Mental anguish, pain and suffering, public embarrassment and humiliation;
4. Loss of pension and other benefits;
5. Damage to her professional reputation;
6. Damage to her personal reputation.
7. Loss of personal gratification of her job and other non-pecuniary damages;
8. Other damage as may be proven at trial.

XLVI.

Plaintiff further requests punitive damages, back pay, liquidated damages, attorneys' fees and costs, and/or front money to allow Plaintiff to find comparable, suitable employment elsewhere.

11

IMAGED MAY 0 3 '05

XLVII.

Plaintiff finally demands trial by jury.

**WHEREFORE,** Plaintiff prays that Defendants be cited and served with a copy of this Complaint and that, after due proceedings had and all legal delays, there be a judgment in favor of Plaintiff and against Defendants jointly, severally and in solido for such damages as they may be cast, including punitive damages, liquidated damages, front pay, back pay, attorneys' fees and costs, plus judicial interest from date of demand until paid and all costs of these proceedings, and for all other general, legal and equitable to which Plaintiff may be entitled. Plaintiff further prays for trial by jury.

RESPECTFULLY SUBMITTED:

LANNY . ZATZKIS, T.A. (BAR # 13781)
KAREN D. MCCARTHY (BAR # 14193)
ZATZKIS, McCARTHY & ASSOCIATES, L.L.C.
650 Poydras Street, Suite 2750
New Orleans, La 70130
Telephone: (504) 523-2266
Attorneys for Plaintiff

**PLEASE SERVE:**

1. Ochsner Clinic, L.L.C.
   Through its agent for service of process
   Cristina R. Wheat
   1514 Jefferson Highway
   ~~New Orleans~~, Louisiana 70121
   Jefferson

2. Richard Guthrie, M.D.
   125 Elaine Avenue
   Harahan, Louisiana 70123

3. Alvin Rouchell, M.D.
   4705 Gary Mikel Avenue
   Metairie, Louisiana 70002

4. Rudolph H. Ehrensing, M.D.        CK# 16166
   1907 General Pershing Street       $20.00
   New Orleans, Louisiana 70115

12

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

IMAGED: MAY 0 3 '05



**CLINIC FOUNDATION**

**Via Hand Delivery July 2 and**
**Saturday Delivery July 3 via FedEx**

July 2, 2004

Mary Ellen Black, M.D.
6103 Colbert Street
New Orleans, LA 70124

Dear Dr. Black:

Pursuant to Section 12.4 of your Professional Services Agreement, we are hereby giving you ninety (90) days notice that your employment with Ochsner Clinic Foundation will be terminated, effective October 1, 2004. During that ninety-day period, you will continue to receive your current salary and benefits. Although we are terminating your employment under the "without cause" provision of your Agreement, this does not mean our decision is without reasons. We are taking this action because of ongoing behavioral and performance issues that have not been corrected, despite repeated counseling. In addition, despite our best efforts, there remain significant issues of incompatibility.

As you know, your resignation was requested on March 19, 2004, in a meeting with Dr. Rouchell, Dr. Ehrensing and myself. You later were informed that we would commence recruiting efforts to secure your replacement, and on June 14, 2004, you were told that a replacement had been hired and would begin employment on September 15, 2004.

We want to make sure that your outpatients have an opportunity to make a smooth transition to a new psychiatrist and would like you to take a month to do that. Therefore, during the month of July, you will not be assigned to the hospital service and will not be assigned any new patients. Please use this month to see your current outpatients and to assist them in changing to a new psychiatrist.

We have made arrangements for the inpatient psychiatry unit to be covered, beginning July 3, 2004. Dr. Rouchell and the Psychiatry Department will work with you to create as little disruption as possible for you and your patients. Effective August 2, 2004, you will be on administrative leave, with pay.

During this month, we would also like to schedule a meeting to discuss the statements you made in your correspondence of June 25, 2004, concerning the failure of certain physicians to document charts properly. As you know, we recently completed a routine audit of outpatient

**IMAGED** MAY 0 5 '05

1514 Jefferson Highway, New Orleans, LA 70121 | 504 842-4000 | www.ochsner.org

**EXHIBIT A**

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

Mary Ellen Black, M.D.
July 2, 2004
Page 2

Psychiatry charts, during which we discovered a number of deficiencies, with your own being by far the most significant. As a result, our auditors conducted a series of training sessions, with the Department and with you individually, designed to correct the problem. We believe the problems have been corrected, but if you have information that problems remain, we want to get that specific information from you so that we can make any necessary changes. In addition, the routine audit of inpatient Psychiatry is currently scheduled for the third quarter of 2004. If you are aware of specific problems now, we urge you to bring the specifics to our attention, so that we can take any necessary corrective action immediately. Dr. Rouchell will contact you to schedule a meeting to discuss your concerns about documentation.

Very truly yours,

Richard D. Guthrie, M.D.
Medical Director New Orleans Region

RDG/lmt/pi

IMAGED MAY 0 5 '05

(101) Citation: ISS COMPLAINT; EXH A                    050504-7333-8

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARY ELLEN BLACK MD
    versus                                    Case: 619-933   Div: "I"
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,    P 1 MARY ELLEN BLACK MD
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC
INSURANCE COMPANY

To: RICHARD GUTHRIE MD
125 ELAINE AVE
HARAHAN LA 70123

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true
and correct copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana,
within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on
the 4th day of May, 2005.

_____
Melissa L Ripp, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____

(101) Citation: ISS COMPLAINT; EXH A                    050504-7333-8

## SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of
_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____, a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

RETURNED: Parish of _____ this ____ day of _____, _____.

SERVICE: $ _____       BY: _____
MILEAGE: $ _____            Deputy Sheriff
   TOTAL: $ _____

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

050504-7332-0

(101) Citation: ISS COMPLAINT; EXH A

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

MARY ELLEN BLACK MD
    versus
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC
INSURANCE COMPANY

Case: 619-933   Div: "I"
P 1 MARY ELLEN BLACK MD

To: OCHSNER CLINIC LLC
THRU ITS AGENT CRISTINA R WHEAT
1514 JEFFERSON HWY
JEFFERSON LA 70121

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true
and correct copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana,
within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on
the 4th day of May, 2005.

Melissa L Ripp, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE,

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

---

050504-7332-0

(101) Citation: ISS COMPLAINT; EXH A

### SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of
_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____, a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

RETURNED: Parish of _____ this _____ day of _____, _____.

(101) Citation: ISS COMPLAINT; EXH A                    050504-7335-3

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARY ELLEN BLACK MD
   versus                                    Case: 619-933   Div: "I"
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,    P 1 MARY ELLEN BLACK MD
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC
INSURANCE COMPANY

To: RUDOLPH H. EHRENSING MD
1907 GENERAL PERSHING ST                       CK# 1666 $20.00
NEW ORLEANS LA 70115


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true
and correct copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana,
within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on
the 4th day of May, 2005.

                                                      _____
            Melissa L Ripp, Deputy Clerk of Court for
            Jon A. Gegenheimer, Clerk Of Court

---

(101) Citation: ISS COMPLAINT; EXH A                    050504-7335-3

### SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of
_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____, a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

RETURNED: Parish of _____ this _____ day of _____, _____.

SERVICE: $ _____     BY: _____
MILEAGE: $ _____          Deputy Sheriff
  TOTAL: $ _____

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

IMAGED MAY 05 '05

(101) Citation: ISS COMPLAINT; EXH A                                    050504-7334-6

<div align="center">

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

</div>

MARY ELLEN BLACK MD
    versus                                        Case: 619-933   Div: "I"
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,       P 1 MARY ELLEN BLACK MD
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC
INSURANCE COMPANY

To: ALVIN ROUCHELL
4705 GARY MIKEL AVE
METAIRIE LA 70002

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true
and correct copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana,
within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on
the 4th day of May, 2005.

_____
Melissa L. Ripp, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____

(101) Citation: ISS COMPLAINT; EXH A                                    050504-7334-6

<div align="center">

**SERVICE INFORMATION**

</div>

Received on the _____ day of _____, _____ and on the _____ day of
_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____, a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

RETURNED: Parish of _____ this ____ day of _____, _____.

SERVICE: $ _____          BY: _____
MILEAGE: $ _____               Deputy Sheriff
   TOTAL: $ _____

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

IMAGED MAY 05 '05

(101) Citation: ISS COMPLAINT; EXH A

050504-7335-3

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

ENTERED

SERIAL NO. 192636

MARY ELLEN BLACK MD
versus
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC
INSURANCE COMPANY

Case: 619-933   Div: "I"
P 1 MARY ELLEN BLACK MD

To: RUDOLPH H. EHRENSING MD
1907 GENERAL PERSHING ST
NEW ORLEANS LA 70115

CK# 1666 $20.00

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true
and correct copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana,
within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on
the 4th day of May, 2005.

Melissa L Ripp, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

050504-7335-3

(101) Citation: ISS COMPLAINT; EXH A

## SERVICE INFORMATION

Received on the ___5___ day of ___MAY___ , ___2005___ and on the ___9___ day of
___MAY___ , ___2005___ served the above named party as follows:

PERSONAL SERVICE on the party herein named _Rudolph H. Ehrensing M.D_

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____ , a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

RETURNED: Parish of _____ this ____ day of _____ , _____

SERVICE: $ _____      BY: _____
MILEAGE: $ _____      Deputy Sheriff
TOTAL: $ _____

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

(101) Citation: ISS COMPLAINT; EXH A                                    050504-7332-0

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MARY ELLEN BLACK MD
    versus                                          Case: 619-933   Div: "I"
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,       P 1 MARY ELLEN BLACK MD
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC
INSURANCE COMPANY

To: OCHSNER CLINIC LLC
THRU ITS AGENT CRISTINA R WHEAT
1514 JEFFERSON HWY
JEFFERSON LA 70121


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true
and correct copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana,
within 15 CALENDAR days after the service hereof, under penalty of default.


This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on
the 4th day of May, 2005.

Melissa L Ripp, Deputy Clerk of Court for
**CODED** Jon A. Gegenheimer, Clerk Of Court

FILED FOR RECORD
2005 MAY 12 AM 11:08
DEPUTY CLERK
PARISH OF JEFFERSON, LA

(101) Citation: ISS COMPLAINT; EXH A                              050504-7332-0

**SERVICE INFORMATION**

Received on the _____ day of _____ and on the _____ day of
_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____, a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

RETURNED: Parish of _____ this ____ day of _____       05 MAY -5 PM 1:2

SERVICE: $ _____       BY: _____
MILEAGE: $ _____       Deputy Sheriff
  TOTAL: $ _____

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

IMAGED MAY 13 '05

C-11

(101) Citation: ISS COMPLAINT; EXH A

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MARY ELLEN BLACK MD
versus
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC
INSURANCE COMPANY

Case: 619-050
P 1 MARY ELLEN BLACK MD

To: OCHSNER CLINIC LLC
THRU ITS AGENT CRISTINA R WHEAT
1514 JEFFERSON HWY
JEFFERSON LA 70121

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk of Court on the 4th day of May, 2005.

Melissa L Ripp, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

---

J.T.E. RECEIVED MAY 6 2005 DATE RETURNED MAY 6 2005
DATE SERVED MAY 6 2005
SERVICE AFFECTED OR REASON UNSERVED:
PERSONAL X DOMICILIARY
NOT AT THIS ADDRESS PER
UNABLE TO SERVE AFTER MAKING ATTEMPTS
OTHER:
NO SUCH ADDRESS OR APT NUMBER
NEED APT/ SW NUMBER / VACANT
E. BROWN 110657
Deputy Sheriff of Jefferson Parish

RETURNED

SERVICE $
MILEAGE $
TOTAL $

BY:
Deputy Sheriff

20.00

(101) Citation: ISS COMPLAINT; EXH A                    050504-7334-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MARY ELLEN BLACK MD
    versus
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD,      Case: 619-933   Div: "I"
ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC          P 1 MARY ELLEN BLACK MD
INSURANCE COMPANY

To: ALVIN ROUCHELL
4705 GARY MIKEL AVE
METAIRIE LA 70002                     **CODED**

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true
and correct copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana,
within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on
the 4th day of May, 2005.

           Melissa L Ripp, Deputy Clerk of Court for
           Jon A. Gegenheimer, Clerk Of Court

---

(101) Citation: ISS COMPLAINT; EXH A                    050504-7334-6

### SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of
_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish
in the hands of _____, a person of suitable age and discretion
residing in said domicile and whose name and other facts connected with this service, I learned by
interrogating the said person, said party herein being absent from his residence at the time of said
service.

RETURNED: Parish of _____ this _____ day of _____, _____,

SERVICE: $ _____ _____ BY: _____
MILEAGE: $ _____                 Deputy Sheriff
    TOTAL: $ _____

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

IMAGED MAY 13 '05

(101) Citation: ISS COMPLAINT; EXH A

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MARY ELLEN BLACK MD
versus
RICHARD GUTHRIE MD, RUDOLPH H EHRENSING MD, ALVIN ROUCHELL, OCHSNER CLINIC LLC, ABC INSURANCE COMPANY

Case: 619 333 Div: "I"
P 1 MARY ELLEN BLACK MD

To: ALVIN ROUCHELL
4705 CARY MIKEL AVE
METAIRIE LA 70002

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the COMPLAINT of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within 15 CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LANNY R. ZATZKIS and was issued by the Clerk Of Court on the 4th day of May, 2005.

Melissa L Ripp, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

(101) Citation: ISS COMPLAINT; EXH A

SERVICE INFORMATION

Received on the ___ day of ___ and on the ___ day of ___ served the above named party as follows:

PERSONAL SERVICE on the party herein named ___

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the hands of ___ a person of suitable age and discretion residing in said domicile and whose name and other facts connected with this service I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: Parish of ___ this ___ day of ___

SERVICE $ ___
MILEAGE $ ___
TOTAL $ ___

Deputy Sheriff of Jefferson Parish
H. SIMPSON 104289
Deputy Sheriff

OTHER: ___
UNABLE TO SERVE AFTER MAKING ___ ATTEMPTS
NOT AT THIS ADDRESS PER ___
PERSONAL ___ X DOMICILIARY 5/6/05
SERVICE AFFECTED OR REASON UNSERVED:
DATE SERVED 5/6/05
DATE RECEIVED 5/5/05 DATE RETURNED 5/6/05